UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PHILLIP ANDREW SCOTT,<br>　　　　　　　Plaintiff,<br><br>-v-<br><br>CITY OF BATTLE CREEK, *et al.*,<br>　　　　　　　Defendants. | No. 1:21-cv-11<br><br>Honorable Paul L. Maloney |

### ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Phillip Scott filed this civil rights action against the City of Battle Creek and two of its officers. Defendants filed a motion to dismiss. (ECF No. 7.) The Magistrate Judge issued a report recommending that this Court grant the motion to dismiss. (ECF No. 17.) Plaintiff filed objections. (ECF No. 18.) Having reviewed the record, the Court will adopt the report and recommendation and will grant the motion to dismiss.

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

## II.

### A. Findings and Recommendations Without Objections

The Magistrate Judge advances at least three recommendations to which Plaintiff does not raise a specific objection. First, the Magistrate Judge explains why Count III (due process) must be dismissed. (R&R at 7-8 PageID.376-77.) Second, the Magistrate Judge explains why the claims against Defendant Harrison must be dismissed. (*Id.*) Third, the Magistrate Judge explains why Plaintiff's request for discovery should be denied. (*Id.* at 8-9 PageID.377-78.) The Court adopts the findings of facts and conclusions of law as to these three recommendations.

Plaintiff advances five objections to the report and recommendation.

### B. Misapplication of Rule 12(b)(6) standards

For his first objection, Plaintiff argues the Magistrate Judge did not assume the truth of the factual allegations in the complaint and did not make reasonable inferences in Plaintiff's favor. For this objection, Plaintiff identifies a single error. In paragraph 49 of the complaint, Plaintiff alleges that "[a] video recording . . . shows that the individual who entered into the back seat of Ms. Hall's vehicle was wearing a long sleeve sweatshirt and his wrist and forearm were never revealed to Ms. Hall." (ECF No. 1 Compl. ¶ 49 PageID.8.) The Magistrate Judge declined to accept the veracity of Plaintiff's allegation—what the video recording shows—because the individual has his back to the camera during portions of the video.[1] During those portions of the recording, the individual's wrist and forearm cannot be

---

[1] In footnote 4 on page 5 of the R&R (PageID.374), the Magistrate Judge specifically addresses the allegation in paragraph 49 of the complaint.

seen.[2]  The Magistrate Judge concluded that the video recording itself did not support Plaintiff's allegation about the video recording.

The Court overrules Plaintiff's objection. Plaintiff's allegation, and this dispute, turns on what the video reveals, not what Ms. Hall saw. Because the individual's forearm and hand are not visible during portions of the video, the video does not establish that the individual's forearm and hand were never revealed to Ms. Hall. The Magistrate Judge accurately assessed Plaintiff's factual allegation about what the video reveals.

## C. Collateral Estoppel

The Magistrate Judge accurately summarized the elements of collateral estoppel and explained why it precludes a plaintiff from relitigating the issue of probable cause. Plaintiff does not dispute that portion of the R&R. In the state court proceedings, the district judge found, after a preliminary examination, probable cause to believe that Plaintiff here committed the specific crimes charged in the state court indictment. The Magistrate Judge then identified when collateral estoppel does not apply: instances where the federal plaintiff alleges falsehoods and omissions that were material to the state-court judge's analysis of probable cause. Collateral estoppel does not apply in those situations because the falsehood and omission issue was not raised or litigated in the prior proceedings. The Magistrate Judge provided a detailed and thorough explanation on pages 12 through 14 (PageID.381-83) why

---

[2] The Magistrate Judge explained in a footnote why she could consider the video and not just the factual allegation in the complaint. (R&R at 2 n.3.) Plaintiff does not object to that portion of the report and recommendation.

Plaintiff's falsehood and omission allegations in this lawsuit were actually litigated at the preliminary examination. The Magistrate Judge concludes that collateral estoppel applies.

Plaintiff objects. The Court generally agrees with Defendant's characterization of Plaintiff's objection on this dispute. (ECF No. 19 Def. Resp. at 7 PageID.410.) On the collateral estoppel issue, Plaintiff does not identify any particular factual finding in the R&R to which he objects. (ECF No. 18 Obj. at 5-12 PageID.391-98.) Rather, he repeats the arguments he advanced in his response to Defendants' motion. In the eight pages of the objection addressing collateral estoppel, Plaintiff makes two references to the Magistrate Judge. First, on page 11 (PageID.397), Plaintiff states the following: "Accepting Plaintiff's allegations as true, which the Magistrate Judge erroneously declined to do, Plaintiff has adequately alleged that Ms. Hall could not have seen a tattoo on the perpetrators' wrists due to the clothing that they wore at the time of the crime." Second, on page 12 (PageID.398), Plaintiff states "The fact-intensive inquiry regarding whether the issues to be litigated are identical to those at Plaintiff's preliminary examination should be submitted to a jury for consideration. The Magistrate therefore erred in recommending that those claims should be dismissed."

The Court overrules Plaintiff's objection concerning the Magistrate Judge's findings and recommendations about collateral estoppel. Plaintiff's objection does not meet the specificity requirement in Rule 72(b)(2). Rather, Plaintiff's objection constitutes a general disagreement with the recommendation of the Magistrate Judge rather than a disagreement about specific finding of fact or conclusion of law. "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes

what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (unpublished order). General objections and reassertions of the same arguments already addressed by the magistrate do not focus the district court's attention

> on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Critically, Plaintiff's objection does not address the specific findings in the R&R where the Magistrate Judge points out why the alleged falsehoods and omission were actually discussed at the preliminary examination.

### D. Distinction Between False Arrest and Malicious Prosecution

In the section of the R&R considering collateral estoppel, the Magistrate Judge found that federal and state claims for false arrest and for malicious prosecution require a plaintiff to prove a lack of probable cause. (R&R at 9 PageID.17.) Plaintiff does not object to this conclusion of law. Nevertheless, Plaintiff insists that the Magistrate Judge failed to separately consider his claim for malicious prosecution.

Plaintiff is correct that the two claims require a claimant to prove a lack of probable cause at two different times. "Whether probable cause exists to arrest a suspect is a distinct question from whether probable cause exists to prosecute an accused." *Mott v. Mayer*, 524 F. App'x 179, 187 (6th Cir. 2013). "'A false arrest claim under federal law requires a plaintiff

to prove that the arresting officer lacked probable cause to arrest the plaintiff.'" *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) (citation omitted). Although similar, malicious prosecution claims arise from the wrongful use of the legal process rather than an illegal seizure.[3] *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). Among the elements for a federal malicious prosecution claim, a plaintiff must prove a lack of probable cause for the criminal prosecution. *Id.* at 308. Michigan law makes the same distinction for the two claims. *See Hinchman v. Moore*, 312 F.3d 198, 202 (6th Cir. 2002).

The Court overrules Plaintiff's objection. The Magistrate Judge concluded that collateral estoppel precludes Plaintiff from relitigating the probable cause determination made at the preliminary examination. (R&R at 14 PageID.838.) The state judge presiding over the preliminary examination found probable cause to believe that Plaintiff committed the crimes charged in the indictment. (ECF No. 8-2 Trans. at 60-66 PageID.166-71.) Plaintiff cannot now relitigate the existence of probable cause for his malicious prosecution claim.[4]

### E. *Monell* Claim

The Magistrate Judge recommends dismissing Plaintiff's *Monell* claim against the City of Battle Creek. The Magistrate Judge reasons that because collateral estoppel precludes Plaintiff from relitigating probable cause, Plaintiff cannot establish the claims underlying his

---

[3] The Sixth Circuit once suggested that a better name for a federal malicious prosecution claim would be an unreasonable prosecutorial seizure. *Sykes v. Anderson*, 625 F.3d 294, 310 (6th Cir. 2010).

[4] Perhaps Plaintiff's better argument would be that the Magistrate Judge failed to separately consider the false arrest claim. Plaintiff, however, did not make this objection and the Court declines to consider it.

*Monell* claim against the City. Plaintiff objects, relying on "the reasons set forth above," which presumably references his other objections.

The Court overrules Plaintiff's objection. The Court overruled Plaintiff's objections to underlying claims. Without those underlying claims, Plaintiff cannot maintain a *Monell* claim against the City.

### F. Gross Negligence

The Magistrate Judge explained why a claimant cannot transform intentional torts into negligence claims simply by omitting the intent element. The Magistrate Judge then summarized and compared Plaintiff's intentional torts to his gross negligence claim. Applying the initial legal principle, the Magistrate Judge concludes that Plaintiff's negligence claim should be dismissed. Plaintiff objects. Plaintiff insists he pled claims in the alternative.

The Court overrules Plaintiff's objection. Plaintiff's alternative gross negligence claim is simply the intentional tort without the intent element. A claimant can plead *viable* claims in the alternative. Plaintiff's gross negligence claim fails even if he did not plead the intentional tort.

### III.

Having overruled Plaintiff's objections, the Court **ADOPTS** the Report and Recommendation as its Opinion. (ECF No. 17.) The Court **GRANTS** Defendants' motion to dismiss. (ECF No. 7.) **IT IS SO ORDERED.**

Date: January 14, 2022        /s/ Paul L. Maloney
                              Paul L. Maloney
                              United States District Judge